

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00209-CV

———————————————

CORREAN LYNN BROWN, Appellant

V.

TYRONE BROWN, Appellee

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV23-0374

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Correan Lynn Brown (Wife) appeals from the trial court's final decree of divorce and orders sanctioning her and enforcing possession and access to the parties' child.

In seven issues, Wife complains that the trial court erred by (1) entering a final decree of divorce that did not conform to a prior oral rendition, (2) allowing Appellee Tyrone Brown (Husband) to collaterally attack the oral rendition by pleading a modification action, (3) modifying conservatorship without proper pleadings, (4) changing conservatorship when she was entitled to make-up time, (5) awarding Husband contingent appellate attorney's fees, (6) modifying conservatorship when the evidence was insufficient to show a material and substantial change, and (7) assessing sanctions against her.

We will reverse and remand on the issue of Husband's conditional appellate attorney's fees and affirm the remainder of the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Husband and Wife married in 2010 and had one child together, F.M.[1]  In June 2023, Wife filed for divorce, and Husband filed an answer and counterpetition for divorce.  Several temporary orders were entered during the divorce proceeding.

---

[1]We use initials to protect the child's identity.  *See* Tex. R. App. P. 9.8(b)(2).

2

Each of the temporary orders, among other things, named Husband and Wife as F.M.'s joint managing conservators and awarded them temporary possession of her.

When the case was called to trial on December 19, 2024,[2] the parties announced that they had mostly settled their divorce. Their agreement was read into the record, and the parties were pronounced divorced; however, several issues remained unresolved. The remaining issues included determining the child support amount[3] and date the child support obligation would begin and appointing a receiver for the sale of the marital residence.

On December 23, 2024—pending entry of the final decree—Husband served Wife with interrogatories and requests for production of documents regarding her net resources for the child support calculation. Wife did not respond or produce the requested documents. On January 24, 2025, Husband filed a motion to compel discovery and for sanctions.

On February 25, 2025, Husband filed a motion for enforcement, alleging that Wife had violated the temporary orders by prevented his visitation with F.M. In his motion, Husband requested that he be appointed F.M.'s sole managing conservator and that Wife be limited to supervised visitation. Husband also filed a petition for

[2]Husband and Wife were represented by counsel at the final trial. Following the final trial, Wife's counsel withdrew, and she proceeded pro se.

[3]The delay in determining Husband's child support obligation was due to the parties having not determined Wife's net resources to calculate the offset amount of child support to be ordered.

writ of habeas corpus, alleging that Wife had illegally kept F.M. from him during his periods of possession.

On April 1, 2025, the trial court heard Husband's petition for writ of habeas corpus, motion to compel, and motion for enforcement. Husband requested a modification in the agreed possession-and-access order due to a change in circumstances, and he requested attorney's fees. Specifically, he requested appointment as F.M.'s sole managing conservator and for Wife to have supervised access only. Husband testified that Wife had not responded to his discovery requests and that she had repeatedly interfered with his possession of F.M. He also testified that Wife had made false accusations against him, claiming that he had been physically inappropriate with F.M.[4]

Wife admitted that she had repeatedly denied Husband access to F.M. during his periods of possession and that she had not completely responded to Husband's discovery requests. A court-appointed counselor also testified at the hearing. She had met with F.M. and had concerns that Wife was coaching her.

The trial court awarded attorney's fees to Husband and appointed him as F.M.'s sole managing conservator. The trial court also held Wife in contempt, sanctioned her, and appointed her possessory conservator with supervised visitation.

---

[4]The Texas Department of Family and Protective Services investigated Wife's accusation and ruled out sexual abuse by Husband.

On April 9, 2025, the trial court held a hearing on the signing of the final decree of divorce and the orders on Husband's motions for sanctions and enforcement. Wife objected to the award of contingent appellate attorney's fees in the final decree, arguing that the trial court had not awarded those fees at the April 1, 2025 hearing. The trial court inquired whether Wife had any objections to either of Husband's motions. Regarding the motion to compel, Wife stated, "I do, but I think -- all my objections can be dealt with in the appeal." With respect to the motion to enforce, Wife made no objection.[5]

The trial court signed the final decree of divorce and orders on Husband's motions for sanctions and enforcement. Wife retained counsel, who filed this appeal.[6]

## III. DISCUSSION

### A. ERROR PRESERVATION

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. *See*

---

[5]A pro se litigant is held to the same standards as a licensed attorney and must comply with all rules of procedure, *see Thomas v. EFI Glob., Inc.*, No. 02–16–00379–CV, 2017 WL 5494254, at *3 n.6 (Tex. App.—Fort Worth Nov. 16, 2017, pet. withdrawn), in order to ensure fairness through the use of a single set of rules, *see Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.).

[6]Wife did not move for a new trial or request findings of fact and conclusions of law.

Tex. R. App. P. 33.1(a)(1)(A).  If a party fails to do this, error is not preserved.  *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

## B.  FINAL DECREE OF DIVORCE CONFORMITY

In her first issue, Wife complains that the trial court erred by "entering the Final Decree of Divorce which failed to conform the December 19, 2024 oral rendition."  She did not present to the trial court a timely request, objection, or motion regarding this complaint.  *See* Tex. R. App. P. 33.1(a)(1)(A).  Accordingly, we hold that Wife has not preserved this complaint for our review.  *See Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982) (holding that appellant waived complaint that the final judgment did not comport with the agreement of the parties in open court).

We overrule Wife's first issue.

## C.  COLLATERAL ATTACK ON JUDGMENT

In her second issue, Wife argues that the trial court erred by "allowing [Husband] to collaterally attack the judgment by pleading a modification action as part of an enforcement proceeding superseding entry of the final order."  She did not present to the trial court a timely request, objection, or motion regarding this complaint.  *See* Tex. R. App. P. 33.1(a)(1)(A).  Accordingly, we hold that Wife has not preserved this complaint for our review.  *See In re Marriage of Pyrtle*, 433 S.W.3d 152, 166 (Tex. App.—Dallas 2014, pet. denied) (holding that husband failed to preserve his complaints about improper combination of enforcement and modification claims in

6

wife's motion for enforcement of agreed final decree of divorce where he failed to file a special exception or otherwise object in the trial court).

We overrule Wife's second issue.

### D. CONSERVATORSHIP MODIFICATION

In her third issue, Wife asserts that the trial court exceeded its authority by "modifying conservatorship and possession terms without proper pleadings or evidence in a contempt enforcement order and incorporating same into the Final Decree of Divorce." She did not present to the trial court a timely request, objection, or motion regarding this complaint. *See* Tex. R. App. P. 33.1(a)(1)(A). Accordingly, we hold that Wife has not preserved this complaint for our review. *See Pyrtle*, 433 S.W.3d at 166; *see also In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that mother waived due-process argument where she failed to present argument to trial court that father had to affirmatively request modification in his motion to modify before a provision of a conservatorship order could be changed).

We overrule Wife's third issue.

### E. APPROPRIATE REMEDY

In her fourth issue, Wife contends that the trial court abused its discretion by "altering conservatorship—when the appropriate remedy was make-up visitation time." She did not present to the trial court a timely request, objection, or motion

7

regarding this complaint. *See* Tex. R. App. P. 33.1(a)(1)(A). Accordingly, we hold that Wife has not preserved this complaint for our review. *See Pyrtle*, 433 S.W.3d at 166.

We overrule Wife's fourth issue.

### F. AWARD OF CONTINGENT APPELLATE ATTORNEY'S FEES

In her fifth issue, Wife maintains that the trial court abused its discretion by "awarding attorney's fees on appeal which were not properly plead in [Husband's] enforcement action nor evidenced as reasonable and necessary."

The trial court awarded contingent appellate attorney's fees to Husband in both the final decree of divorce and the enforcement order. Wife limits her complaint to the trial court's award of contingent appellate attorney's fees in the enforcement order. Specifically, she "contends that the [trial] court erred in awarding [Husband] attorney's fees on appeal which were not properly plead in [his] enforcement action nor supported by the evidence." We will separately address her failure-to-plead and insufficient-evidence complaints.

#### 1. Failure-to-Plead Complaint

With respect to Wife's complaint that the trial court erred by awarding contingent appellate fees because Husband had failed to properly plead for them in his enforcement action, she did not present to the trial court a timely request, objection, or motion regarding this complaint. *See* Tex. R. App. P. 33.1(a)(1)(A). Accordingly, we hold that Wife has not preserved this complaint for our review. *See Cluck v. Cluck*, 647 S.W.2d 338, 341–42 (Tex. App.—San Antonio 1982, writ dism'd)

8

(holding that husband waived any error in wife's pleading for recovery of attorney fees by his failure to object); *see also Mansfield v. Mansfield*, No. 04-18-00551-CV, 2019 WL 6138984, at *4 (Tex. App.—San Antonio Nov. 20, 2019, pet. denied) ("Because Brent's attorney did not object to the absence of any pleadings when the trial court addressed the issue of an award of appellate attorney's fees, we hold the issue was tried by consent.").

## 2. Insufficient-Evidence Complaint

As for Wife's complaint that there is legally insufficient evidence[7] to support the trial court's contingent appellate fee award to Husband, she also did not present to the trial court a timely request, objection, or motion regarding this complaint. *See* Tex. R. App. P. 33.1(a)(1)(A). However, because that award was made following a bench trial regarding such fees, Wife may challenge the legal sufficiency of the evidence to support the award for the first time on appeal. *See* Tex. R. App. P. 33.1(d).

## a. Standard of Review and Applicable Law

When reviewing a trial court's award of attorney's fees, an appellate court must ensure that the record contains sufficient evidence to support such an award. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020); *Rohrmoos Venture v. UTSW*

---

[7]Wife's appellate brief is ambiguous as to whether her complaint is a legal or factual insufficiency challenge; however, because she later argues that Father "presented no evidence supporting a basis for appellate fees including anticipated time or cost of appeal," we construe her complaint to be one of legal insufficiency.

*DVA Healthcare, LLP*, 578 S.W.3d 469, 505 (Tex. 2019). The party seeking attorney's fees bears the burden of proof. *Yowell*, 620 S.W.3d at 354; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012). If there is insufficient evidence in the record to uphold the trial court's award of fees, the appellate court must reverse. *Yowell*, 620 S.W.3d at 354; *El Apple I, Ltd.*, 370 S.W.3d at 763–64.

The Texas Supreme Court has expressly addressed what constitutes legally sufficient evidence for a contingent award of appellate attorney's fees. *See Yowell*, 620 S.W.3d at 355. The *Yowell* Court explained that because "contingent appellate fees . . . have not yet been incurred[,] . . . [t]here is no certainty regarding who will represent the appellee in the appellate courts, what counsel's hourly rate(s) will be, or what services will be necessary to ensure appropriate representation in light of the issues the appellant chooses to raise." *Id.* But the Court also held that "this uncertainty does not excuse a party seeking to recover contingent appellate fees from the need to provide [expert] opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.*

### b. Analysis

Husband's attorney testified as an expert regarding Husband's requested contingent appellate fees.[8] The entirety of his testimony related to the request for contingent appellate fees is as follows:

> With regards to the enforcement, we're asking for in the event the case is appealed to intermediate court of appeals unsuccessfully, we're asking for $15,000 in attorney's fees. And in the event the case is appealed to the supreme court on any unsuccessful element, we're asking for another $15,000 in attorney's fees.
>
> So I believe that those amounts are reasonable and necessary in Parker County, Texas, based on my experience, my competence, and my litigation experience. And we believe that the court should award those.

Based on this evidence, the trial court awarded Husband his requested fees.[9] We have previously held that such bare opinion testimony is legally insufficient to support the award of contingent appellate fees. *See Maciejack v. City of Oak Point*, No. 02-23-00248-CV, 2024 WL 3195851, at *13 (Tex. App.—Fort Worth June 27, 2024, pet. denied).

In *Maciejack*, the City's attorney testified as an expert regarding the City's requested appellate fees in a manner similar to Husband's trial attorney's testimony

---

[8]Husband's trial attorney does not represent him in this appeal.

[9]In support of his request for trial attorney's fees, Husband's attorney testified about his experience and hourly rate for trial services. He provided no such testimony regarding a reasonable hourly rate for appellate services. *See Jimmie Luecke Child. P'ship, Ltd. v. Droemer*, No. 03-20-00096-CV, 2022 WL 243162, at *8 (Tex. App.—Austin Jan. 27, 2022, pet. denied) (holding that testimony concerning hourly rate for trial was not evidence of a reasonable hourly rate for necessary appellate services).

here. *Id.* The City's attorney opined that "$35,000 is a reasonable and necessary attorney fee amount to be awarded to the City for defending an unsuccessful appeal by the [Maciejacks] to the Court of Appeals" and that "if [the Maciejacks] pursue[d] an appeal to the Texas Supreme Court in this case, that a reasonable and necessary attorney fee amount to be awarded to the City . . . [would be] $25,000. *Id.*

We held that because the City neither provided any testimony about the particular services that would be needed to defend an appeal nor provided a reasonable hourly rate for those services, the evidence was insufficient to support the award of its contingent appellate fees. *Id.*; *see Largent v. Cassius Classic Cars & Exotics, LLC*, No. 02-22-00043-CV, 2023 WL 2179465, at *8 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (holding that attorney's bare opinion that reasonable fees would equal $20,000 for an appeal to a court of appeals and $25,000 for an appeal to the Texas Supreme Court was legally insufficient); *Wells Fargo Bank, N.A. v. Rodriguez*, No. 02-21-00155-CV, 2022 WL 803839, at *5 (Tex. App.—Fort Worth Mar. 17, 2022, no pet.) (holding evidence insufficient to support award of contingent appellate fees where testimony consisted of hourly rate regarding trial fees and affidavit testimony of flat-fee estimate for two stages of appeal); *see also Jones-Hospod v. Hospod*, 676 S.W.3d 709, 720–21 (Tex. App.—El Paso 2023, no pet.) (noting that bare testimony that does not touch on both the appellate hourly rate and the necessary services to be provided on appeal does not constitute sufficient evidence to sustain an appellate fee award).

Here, much like the testimony in *Maciejack*, Husband's attorney did not identify the services that he reasonably believed would be necessary to defend the appeal nor did he identify a reasonable hourly rate for performance of any of those services. *See Maciejack*, 2024 WL 3195851, at *13; *see also Yowell*, 620 S.W.3d at 355. Accordingly, we hold that the evidence is legally insufficient to support the trial court's award of contingent appellate attorney's fees in the enforcement order. *See Yowell*, 620 S.W.3d at 355.

We sustain Wife's fifth issue.

## G. MATERIAL AND SUBSTANTIAL CHANGE

In her sixth issue, Wife contends that the trial court erred by "modifying conservatorship when the evidence was insufficient to show that there had been a material and substantial change warranting the modification since the date of the prior order and that the modification would be in the best interest of the child."

Wife portrays the trial court's conservatorship determination as a modification pursuant to Texas Family Code Section 156.101, which requires proof of a material and substantial change in circumstances since the date of the rendition of the order. *See* Tex. Fam. Code § 156.101(a)(1)(A). When a trial court enters a final decree of divorce that includes a conservatorship determination for the first time, it is exercising its authority under Chapter 153 of the Texas Family Code—not Chapter 156. *See id.* §§ 153.005, 156.101(a)(1)(A). Thus, the threshold question is whether there was a

13

modification of a prior rendered conservatorship order—i.e., whether the trial court's December 19, 2024 ruling was an oral rendition.

### 1. Applicable Law

Rendition of judgment is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Genesis Prod. Co. v. Smith Big Oil Corp.*, 454 S.W.3d 655, 659 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970) (orig. proceeding)); *see Baker v. Bizzle*, 687 S.W.3d 285, 293 (Tex. 2024). "In order to be an official judgment, the trial court's oral pronouncement must indicate an intent to render a full, final and complete judgment at that point in time." *Gamboa v. Gamboa*, 383 S.W.3d 263, 270 (Tex. App.—San Antonio 2012, no pet.); *In re Marriage of Joyner*, 196 S.W.3d 883, 887 (Tex. App.—Texarkana 2006, pet. denied) (stating that the trial court's words, whether spoken or written, must evince a present, as opposed to future, act that effectively decides the issues before the court).

### 2. Analysis

After the parties' agreement was read into the record at the final trial on December 19, 2024, the trial court addressed the parties and then declared them divorced:

> THE COURT: [Husband], did you clearly hear your attorney outline the agreements that are going to be -- that are the orders of the court to be memorialized in a Final Decree of Divorce in this cause?
>
> [HUSBAND]: Yes, Your Honor.

THE COURT: And are you in agreement with everything that your attorney said?

[HUSBAND]: Yes, sir.

THE COURT: [Wife], did you clearly hear your husband's attorney outline the agreement as negotiated between you and your attorney, and your husband and his attorney?

[WIFE]: Yes, sir.

THE COURT: And are you in agreement with everything that was recited into the record?

[WIFE]: Yes, sir.

THE COURT: All right. You understand that those are the orders of the court, which will be put very soon into a written form, okay, for your benefit. I want each of you to have a copy of that. So if you have any question you can go to that order. But for the moment, those are the orders of the court, all right.

Although the trial court declared the parties divorced at the conclusion of the December 19, 2024 final trial, the judge used non-final terms, such as "going to be" and "for the moment," and discussed putting the order into written form at a later date. Thus, when considered as a whole, the trial court's language fails to show a present intent to render a full, final, and complete judgment on December 19, 2024. *See MacGillivray v. MacGillivray*, No. 04-10-00109-CV, 2011 WL 2150352, at *4 (Tex. App.—San Antonio 2011, pet. denied) (holding that trial court did not show an intent to render judgment when it stated that the parties were divorced before the jury had rendered its decision and before the trial court had decided the remaining issues);

15

*James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) (concluding the language of the trial court during an oral pronouncement indicated an intent to approve the divorce settlement but not a clear intent to render a full, final, and complete judgment).

Further, the agreement did not resolve (1) the determination of the child support amount, (2) the date the child support obligation would begin, or (3) the appointment of a receiver for the sale of the marital residence. Thus, when the trial court declared the parties divorced on December 19, 2024, the parties had neither agreed to, nor tried, all the issues essential to the divorce action. We therefore conclude the trial court did not render judgment on December 19, 2024.[10] *See MacGillivray*, 2011 WL 2150352, at *4.

As noted, the material-and-substantial change standard under Texas Family Code Section 156.101 applies only to post-final-decree modifications of existing conservatorship orders—not to a trial court's initial determination of conservatorship in a final decree.[11] *See* Tex. Fam. Code §§ 153.005, 156.101(a)(1)(A). Where, as here,

---

[10]The trial court's final decree of divorce supports this conclusion:

> The Court finds that the parties previously entered into an informal settlement conference agreement on December 19, 2024. The parties agree that this Decree is a merger of said informal settlement conference agreement and the parties further agree that this Decree shall control in the event of any differences between the agreement and this Decree.

[11]There is no reference to Texas Family Code Chapter 156—specifically Section 156.101—anywhere in the record.

16

only temporary orders preceded the final decree,[12] the trial court's conservatorship determination is governed by the best-interest-of-the-child standard under Texas Family Code Sections 153.002 and 153.005.[13] *See* Tex. Fam. Code §§ 153.002, .005. Accordingly, because the trial court's conservatorship determination in the final decree of divorce did not follow the rendition of a final conservatorship order, we hold that Wife's complaint challenging the sufficiency of the evidence under Section 156.101(a)(1)(A) is inapplicable. *See* Tex. Fam. Code §§ 153.005, 156.101(a)(1)(A).

We overrule Wife's sixth issue.

## H. SANCTIONS

In her seventh issue, Wife complains that the trial court erred by "granting sanctions against [Wife] for failure to respond to discovery that was served on her post-trial and outside the discovery period and when no post-judgment discovery had been moved for by the parties or ordered permissible by the [trial court]." She did

---

[12]Husband's motion to enforce requested a modification of the temporary orders—not a modification of a prior, final conservatorship order. *See Crapps v. Crapps*, 546 S.W.2d 909, 911 (Tex. App.—Austin 1977, no writ) (holding that the modification statute contemplates modification of a final order entered after trial on the merits, not a temporary order entered during pendency of divorce proceedings, and therefore no showing of changed circumstances is required when a final divorce decree supersedes a temporary conservatorship order).

[13]Wife does not challenge the sufficiency of the evidence supporting the trial court's finding that it was in F.M.'s best interest to appoint Husband as sole managing conservator.

17

not present to the trial court a timely request, objection, or motion regarding this complaint. *See* Tex. R. App. P. 33.1(a)(1)(A). Accordingly, we conclude that Wife has not preserved this complaint for our review. *See Jurgens v. Martin*, 631 S.W.3d 385, 409–10 (Tex. App.—Eastland 2021, no pet.) (holding that appellant failed to preserve for appellate review her challenge to discovery sanctions by failing to object to the discovery orders or the imposition of sanctions in the trial court).

We overrule Wife's seventh issue.

## IV. CONCLUSION

Having sustained Wife's fifth issue, we reverse the trial court's award of contingent appellate attorney's fees and remand that issue to the trial court for further proceedings consistent with this opinion. *See* Tex. R. App. P. 43.2(d); *see also Rohrmoos Venture*, 578 S.W.3d at 506 (remanding for redetermination of fees after concluding evidence is legally insufficient to support attorney fee award); *Maciejack*, 2024 WL 3195851, at *13 (remanding award of conditional appellate fees to the trial court for further proceedings). Having overruled Wife's first, second, third, fourth, sixth, and seventh issues, we affirm the remainder of the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: June 9, 2026

18